CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ADAM JOE DALE JORDAN, | ) | CASE NO. 7:18CV00594 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| D. MAPLES, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Adam Joe Dale Jordan, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The defendants filed a motion for summary judgment on June 3, 2019. That same day, the court mailed a notice advising Mr. Jordan that the court would give him 21 days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendants' evidence before ruling on their motions. The notice warned Mr. Jordan:

> If Plaintiff does not respond to Defendant[s'] pleading[ ], the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleading[ ]. If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outlined above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

(Notice, ECF No. 18) (emphasis in original.) Since mailing the notice to Mr. Jordan, the court has received no further communication from him about this case, and the deadline for his response to the defendants' motion has passed. Accordingly, the court concludes that, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Mr. Jordan has failed to prosecute this action. See gen. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

Having duly notified the parties that Mr. Jordan's failure to respond to the defendants' dispositive motion would be interpreted as failure to prosecute and would be cause for dismissal of the action without prejudice, the court will dismiss the case accordingly. A separate order will enter this day.

Mr. Jordan is advised that if he intends to proceed with this action, he must petition the court within 30 days of the entry of this order for a reinstatement of this action. Any motion for reinstatement should provide a specific explanation for Mr. Jordan's failure to respond in a timely fashion to the defendants' dispositive motion.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Mr. Jordan and to counsel of record for the defendants.

ENTER: This 12th day of July, 2018.

                                        /s/ Glen Conrad
                                  Senior United States District Judge